DECISION.
{¶ 1} Defendant-appellant Anthony Masur appeals his conviction for one count of gross sexual imposition,[1] a third-degree felony. He presents on appeal a single assignment of error, in which he challenges the denial of his motion to suppress his confession. This challenge is untenable.
 {¶ 2} During police questioning, Masur admitted that he had touched four-year-old Selena Martinez in the vaginal area on the outside of her clothing. Masur moved to suppress his confession, arguing that it was involuntary and coerced, but the trial court denied his motion. Masur then pleaded no contest. The court sentenced Masur to five years of community control, ordered him to attend sexual-offender-behavioral classes, and designated Masur a sexually-oriented offender.
 {¶ 3} Prior to interviewing Masur, Cincinnati Police Officer Daniel Coates read Masur his Miranda rights, and Masur signed a notification of those rights. Coates then recorded his interview with Masur on audiotape.
 {¶ 4} Masur argues that his confession was not made voluntarily because he is mentally retarded and was intoxicated at the time of the interview. He also asserts that the confession should be suppressed because it was coerced.
 {¶ 5} When considering a ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.[2] But it then must independently determine, without deference to the trial court, whether the facts satisfy the applicable legal standard.[3]
 {¶ 6} In determining whether a pretrial statement is involuntary, a court "should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement."[4] The state has the burden of proving the voluntariness of a confession by a preponderance of the evidence.[5]
 {¶ 7} Masur claims that the interview was coercive because Officer Coates told Masur that a touch under the girl's clothing was more serious than a touch over her clothing, and that a person who committed rape could be sent to prison for a long time. After Officer Coates made these statements to Masur, Masur admitted that he had touched Martinez on the outside of her clothes by accident.
 {¶ 8} Throughout the interview, Officer Coates told Masur to tell the truth. Admonitions by police officers to a suspect to tell the truth are not coercive in nature.[6] The statements made by Officer Coates to Masur were truthful. The officer made no promises of leniency and encouraged Masur to simply tell what had happened. Even if Officer Coates had lied to Masur, "[t]he use of deceit is merely a factor bearing on voluntariness."[7]
 {¶ 9} Masur also claims that his confession was involuntary because he is mentally retarded. "Deficient intelligence is but one factor in the `totality of circumstances' to be considered in determining the voluntariness of a confession. While a defendant's mental condition is a significant factor in the voluntariness calculus, it `does not justify a conclusion that a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional voluntariness.'"[8]
 {¶ 10} At Masur's suppression hearing, his father testified that twenty years ago, when Masur was in high school, Masur was tested and found to have an IQ of 68 and to function at about age 11. Masur graduated from high school in a special-education program and had, for the past few years, received services from the Board of Mental Retardation and Developmental Disabilities. With the board's assistance, Masur had held various jobs and had also lived by himself.
 {¶ 11} Officer Coates testified that he was not aware before the interview that Masur was mentally retarded and "did not get that impression from him" during the interview. During the interview, he asked Masur if he had graduated from high school, and Masur responded that he had. Coates asked Masur if he knew the difference between a truth and a lie, and Masur said that he did. Coates asked Masur to identify body parts on a diagram, and Masur did so correctly. When asked, Masur also stated that he knew which parts of a person were private and were not to be touched.
 {¶ 12} Masur further claims that his confession was involuntary because he was intoxicated. Intoxication, like mental aptitude, is but one factor that, by itself, is not sufficient to render a confession involuntary.[9]
 {¶ 13} Near the beginning of the interview, Officer Coates asked Masur if he had been drinking, and Masur answered that he had. Coates then asked Masur if he had been drinking a lot. Masur answered no. On the tape, Masur slurred his words, but he was generally responsive and answered questions appropriately.
 {¶ 14} After reviewing the record, including a tape of the interview, we conclude that, under the totality of the circumstances, there was no coercive police activity, and that Masur voluntarily confessed to his offense. Officer Coates questioned Masur for about 15 minutes and gave Masur a Coke to drink during the interview. Coates repeatedly encouraged Masur to tell the truth and did not deceive or threaten him. Furthermore, while Masur has low mental aptitude and had been drinking before his police interview, these factors did not appear to have interfered with his ability to understand and to know what he was saying.
 {¶ 15} Under the circumstances, we cannot say that the trial court erred in denying Masur's motion to suppress his confession, when the record does not demonstrate that his confession was coerced or made involuntarily. Therefore, we overrule Masur's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Winkler, P.J., and Doan, J., concur.
[1] R.C. 2907.05(A)(4).
[2] See State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71, at ¶ 8.
[3] Id.
[4] See State v. Lynch, 98 Ohio St.3d 514, 2003-Ohio-2284,787 N.E.2d 1185, at ¶ 54, quoting State v. Edwards (1976),49 Ohio St.2d 31, 358 N.E.2d 1051, paragraph two of the syllabus.
[5] See State v. Hill, 64 Ohio St.3d 313, 318, 1992-Ohio-43,595 N.E.2d 884.
[6] See State v. Cooey (1989), 46 Ohio St.3d 20, 28, 544 N.E.2d 895.
[7] Id. at 27.
[8] See State v. Lynch, supra, at ¶ 55, quoting Colorado v. Connelly
(1986), 479 U.S. 157, 164, 107 S.Ct. 515.
[9] See State v. Smith, 80 Ohio St.3d 89, 112, 1997-Ohio-355,684 N.E.2d 668.